# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTEX HOMES, et al., <br><br> Defendants. | Case No. 1:14-cv-01388-MCE-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE PARTIALLY GRANTED <br><br> ECF NO. 8 <br><br> OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On October 10, 2014, Defendants Centex Homes and Centex Real Estate Corporation ("Defendants") filed a motion to dismiss in this action. (ECF No. 8.) Plaintiffs Travelers Property Casualty Company of America and St. Paul Mercury Insurance Company ("Plaintiffs") filed an opposition on November 3, 2014. (ECF No. 22.) Defendants filed a reply on November 10, 2014. The motion to dismiss was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72.

The hearing on the motion to dismiss took place on November 12, 2014. Thomas Perea appeared on behalf of Defendants. Jared De Jong and Jeffrey Michael Hayes appeared on behalf of Plaintiffs. For the reasons set forth below, the Court recommends that Defendants' motion to dismiss be partially granted and that the second and third causes of action of the First Amended

1  Complaint be dismissed without leave to amend.

## I.

## BACKGROUND

Plaintiffs filed the original complaint in this action on September 5, 2014.  (ECF No. 1.) The operative complaint is the First Amended Complaint filed on September 9, 2014.  (ECF No. 7.)  The First Amended Complaint raises three causes of action 1) for declaratory relief, 2) for breach of contract, and 3) for equitable reimbursement.  Plaintiffs alleged that they issued several commercial general liability policies, naming Barbosa Cabinets, Inc. and M.A.T. & Sons Landscaping, Inc. as the insureds.  Under the terms of the policies, Plaintiffs were given the right to retain counsel of its own choosing to represent insureds and the insured were to cooperate with Plaintiffs with regard to all aspects of coverage, including defense afforded under the policies.

On June 11, 2014, various homeowners of single family homes in Modesto, California filed a lawsuit entitled <u>Messer, et al. v. Centex Homes, et al.</u> in the Superior Court of California for the County of Stanislaus, Case No. 2008849.  Defendants tendered the <u>Messer</u> lawsuit to Plaintiffs as additional insureds under the insurance policies.  Plaintiffs advised Defendants that it retained David Lee from the law firm of Lee, Hernandez, Landrum, Garofalo & Blake to represent Defendants.  Plaintiffs allege that Defendants refused to accept the counsel appointed by Plaintiffs and demanded that "independent counsel" defend Defendants.

Defendants filed a motion to dismiss on October 10, 2014.  (ECF No. 8.)  Defendants argue that Plaintiffs' First Amended Complaint should be dismissed because the Court lacks subject matter jurisdiction because the claims are not justiciable and because Plaintiffs fail to state any claims.

## II.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not

2

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216.

Defendants also move for dismissal under Rule 12(b)(1), which permits a party to file a motion to dismiss based upon lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (1989).

## III.

## DISCUSSION

### A.  Plaintiffs' Objections to Defendants' Reply

At the hearing, Plaintiffs objected to evidence submitted by Defendants in their reply. As set forth below, the Court need not consider the matters submitted in Defendants' reply in making these findings and recommendations. Accordingly, the Court need not address Plaintiffs' objections.

///

**B.    Ripeness**

Defendants contend that the Court lacks jurisdiction over this action because the controversy between Plaintiffs and Defendants is not yet ripe. "Ripeness has two components: constitutional ripeness and prudential ripeness." In re Coleman, 560 F.3d 1000, 1004-1005 (9th Cir. 2009) (citing Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000). "'The constitutional ripeness of a declaratory judgment action depends upon "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."'" Id. at 1005 (quoting United States v. Braren, 338 F.3d 971, 975 (9th Cir. 2003)). "The issues presented must be 'definite and concrete, not hypothetical or abstract.'" Id. (quoting Thomas, 220 F.3d at 1139). "Where a dispute hangs on future contingencies that may or may not occur ... it may be too impermissibly speculative to present a justiciable controversy." Id. (internal citations and quotations omitted). "'The constitutional component of ripeness is a jurisdictional prerequisite.'" Id. (quoting United States v. Antelope, 395 F.3d 1128, 1132 (9th Cir. 2005)).

Defendants note that Plaintiffs filed this lawsuit on September 5, 2014 and the First Amended Complaint was filed on September 9, 2014. (See ECF Nos. 1, 7.) The complaint against Defendants in Messer was filed in state court on June 11, 2014. (First Am. Compl. ¶ 14.) The Messer action was tendered to Plaintiffs on August 20, 2014 and August 21, 2014. (First Am. Compl. ¶¶ 15, 17.) Plaintiffs acknowledged receipt of the tender and sent reservation of rights letters on September 5, 2014 (the letter from Travelers Property to Centex) and September 8, 2014 (the letter from St. Paul to Centex). (First Am. Compl. ¶¶ 16, 18.) Defendants argue that no substantial controversy could have possibly existed on the date the pleadings were filed because the original complaint was filed on the same day that Plaintiffs sent their first reservation of rights letter and the First Amended Complaint was filed only a day after Plaintiffs sent their second reservation of rights letter.

It is clear that there was no ripe controversy at the time this case was filed by Plaintiffs on September 5, 2014. At that point in time, there is no indication that Defendants responded to

Plaintiffs' reservation of rights letters. It does not appear that Defendants responded at all until October 10, 2014, when it sent its response to Plaintiffs' September 5 and September 8 letters.[1] Accordingly, even the claims alleged in the operative First Amended Complaint filed on September 9, 2014 were not ripe at the time of filing because the First Amended Complaint was filed before Defendants' October 10, 2014 response letter.

Although the claims in the First Amended Complaint were not ripe at the time they were filed, the Ninth Circuit has stated that "[b]ecause ripeness is 'peculiarly a question of timing,' we look at the facts as they exist today in evaluating whether the controversy before us is sufficiently concrete to warrant our intervention." Assiniboine and Sioux Tribes of Fort Peck Indian Reservation v. Board of Oil and Gas Conservation of State of Montana, 792 F.2d 782, 788 (9th Cir. 1986). The reference to "today" suggests that ripeness is evaluated on a rolling basis and that claims that were not ripe at the time they were filed may nonetheless ripen by the time the Court considers the issue. The Ninth Circuit cited two Supreme Court cases which suggested that an action may become ripe after it is commenced. See Buckley v. Valeo, 424 U.S. 1, 115-17 (1976); Blanchette v. Connecticut General Ins. Corporations, 419 U.S. 102, 140 (1974) ("since ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the District Court's decision that must govern.").

Following, Assiniboine, Buckley, and Blanchette, the Court finds that the current action is ripe, at least with respect to claims based upon Defendants' October 10, 2014 letter.[2] (See Decl. of Joshua B. Bevitz in Supp. of Defs.' Mot. to Dismiss Pls.' First Am. Compl. ("Bevitz Decl.", Ex. B.) Defendants' extrinsic evidence shows that Mr. Bevitz wrote a letter to Plaintiffs on October 10, 2014 regarding the issue of counsel in the Messer action. (Bevitz Decl. ¶ 3.) The October 10, 2014 states, in pertinent part:

---

[1] Since the October 10 letter was sent after the operative complaint was filed, the existence of the October 10 letter is an extrinsic matter outside the four corners of the First Amended Complaint. However, in assessing jurisdiction, the Court may consider such extrinsic evidence. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

[2] Throughout oral argument, Plaintiffs repeatedly alluded to the fact that, in the future, Defendants may engage in further actions that would interfere with Plaintiffs' right to control the litigation in the Messer action. Since Defendants' future actions are largely speculative, litigation regarding those speculative future actions remains unripe.

5

> As explained more fully below, Centex will allow Travelers to appoint co-counsel to participate in Centex' defense, subject to a full reservation of rights, with the expectation that Travelers will fully comply with the terms of its policies and California law.
> With respect to Mr. Lee and his firm, Centex urges Travelers to appoint other counsel in light of the Lee Firm's prior acts of disloyalty and active conflicts of interest. Nevertheless, in light of Travelers' pattern and practice of filing lawsuits in federal court alleging that Centex is not cooperating with Travelers, Centex will not preclude Travelers' appointment. Centex does not, however, agree to waive any conflicts of interest that the Lee Firm has and Centex reserves all of its rights against both the Lee Firm and Travelers as set forth below.

(Bevitz Decl., Ex. B, at pg. 1.)

Mr. Bevitz's letter also goes on to inform Travelers that Centex would retain independent counsel to ensure Centex has a complete defense during the entire case in case counsel appointed by Travelers withdraws in the middle of litigation, and offered to "work out an allocation of the defense fees" if Travelers agrees to allow Mr. Bevitz's firm to serve as sole counsel for Centex. (Bevitz Decl., Ex. B, at pg. 2.) If Travelers did not want Mr. Bevitz's firm to serve as sole counsel, Centex would allow Travelers to appoint counsel of its choosing. (Bevitz Decl., Ex. B, at pg. 2.) Finally, Mr. Bevitz informs Travelers that Centex retains any rights it may possess, including reimbursement of defense fees and costs and the right to disqualify Travelers' counsel of choice due to conflicts of interest. (Bevitz Decl., Ex. B, at pp. 3-6.)

The October 10, 2014 letter presents a ripe controversy regarding the legal implications of that letter. Accordingly, the Court finds that Plaintiffs' claims are now ripe.

### C. Plaintiffs Fail to State a Cognizable Claim for Breach of the Insurance Agreements

Plaintiffs' second cause of action is for breach of the insurance policies. Plaintiffs contend that Defendants breached the cooperation clause of the insurance policies. Defendants argue Plaintiffs fail to state a cognizable claim for breach of the insurance agreement. Unlike jurisdiction, the Court generally may not consider extrinsic evidence, such as the October 10 letter, when assessing whether Plaintiffs fail to state a cognizable claim. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

/ / /

1    Under California law, when an insurer provides a defense to its insured, the insured has
2 no right to interfere with the insurer's control of the defense. Truck Ins. Exchange v. Unigard
3 Ins. Co., 79 Cal. App. 4th 966, 979 (2000). The Court finds that Plaintiffs fail to allege sufficient
4 facts to support the conclusion that Defendants interfered with Plaintiffs' control of the defense.

5    Plaintiffs only vaguely allege that Defendants have or will interfere with Plaintiffs' right
6 to control the defense of the Messer litigation. Whether Defendants' conduct constitutes a
7 breach of the cooperation clause of the insurance agreements is a mere conclusory statement that
8 is not entitled to the presumption of truth. Iqbal, 556 U.S. at 678. Plaintiffs' complaint fails to
9 contain sufficient allegations of discrete, identifiable, and/or tangible actions by Defendants
10 which constitute a breach of the cooperation clause. Plaintiffs' vague allegation that Defendants
11 "refused" Plaintiffs' counsel of choice offers no details as to how or what Defendants did to
12 "refuse" counsel. Therefore, the complaint does not "contain sufficient allegations of underlying
13 facts to give fair notice and to enable the opposing party to defend itself effectively." Iqbal, 556
14 U.S. at 678.

15    Plaintiffs also alleged that Defendants breached the cooperation clause by insisting that
16 Plaintiffs pay for the fees and costs of Defendants' personal counsel. However, the mere act of
17 "insisting" that Plaintiffs pay for Defendants' personal counsel to provide defense in the Messer
18 action does not rise to the level of a breach of the cooperation clause. Nothing in the insurance
19 agreements appears to prohibit Defendants from asking Plaintiffs to select Defendants' counsel
20 of choice for the Messer action and share in paying counsel fees with Defendants and
21 Defendants' other insurers. As the adage goes, "it never hurts to ask."

22    Based upon the foregoing, the Court finds that Plaintiffs' First Amended Complaint fails
23 to state a cognizable claim against Defendants for breach of the insurance agreements.

24    **D.    Plaintiffs Fail to State a Cognizable Claim for Reimbursement**

25    Defendants argue that Plaintiffs fail to state a cognizable claim for reimbursement.
26 Plaintiffs allege that they paid or will pay certain defense fees associated with non-covered
27 claims and Defendants are entitled to reimbursement of those defense fees. Under California
28 law, an insurer may seek reimbursement from the insured for defense costs associated with

"claims that are not even potentially covered" under the insurance policy. Buss v. Superior Court, 16 Cal. 4th 35, 50 (1997).

Again, Plaintiffs' allegations are insufficient under Iqbal because they are based upon conclusory statements which are not entitled to the presumption of truth. Iqbal, 556 U.S. at 678. Plaintiffs' First Amended Complaint fails to "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Iqbal, 556 U.S. at 678.

First, Plaintiffs' complaint fails to allege sufficient facts identifying any defense costs paid by Plaintiffs thus far. Further, Plaintiffs' complaint fails to allege sufficient facts identifying specific "non-covered claims" or allege facts which demonstrate that these claims are "not even potentially covered" by the relevant insurance policy.

Further, California law requires an insurer on a reimbursement claim to plead that it has honored its duty to immediately defend a thirty-party action in its entirety. See Buss, 16 Cal. 4th at 47-48. Plaintiffs fail to sufficiently plead that it has honored its duty to immediately defend the Messer action in its entirety. Since the Messer action has not concluded, Plaintiffs have not yet provided a complete defense. Plaintiffs counter by arguing that the First Amended Complaint adequately alleges that Plaintiffs defended the Messer action in its entirety because Plaintiffs were relieved of their duty to defend after Plaintiffs breached the cooperation clause. However, for the reasons addressed above, the Court finds that Plaintiffs have not alleged sufficient facts to support the conclusion that Defendants breached the cooperation clause. Therefore, by extension, Plaintiffs have not alleged sufficient facts to support the conclusion that they were relieved of their obligation to provide a defense.

For the reasons set forth above, the Court finds that Plaintiffs fail to state a cognizable claim for reimbursement.

**E.    Leave to Amend**

At the hearing, Plaintiffs requested that leave to amend be granted to the extent that any claims are dismissed for failure to state a claim. Leave to amend should be liberally granted where there is any reasonable possibility that the plaintiff will be able to amend its complaint to

1  cure the deficiencies.  <u>United Union of Roofers, Waterproofers & Allied Trades No. 40 v. Ins.
2  Corp. of Am.</u>, 919 F.2d 1398, 1402 (9th Cir. 1990).

3       The Court finds that leave to amend should be denied.  At the hearing, Plaintiffs admitted
4  that Defendants' position has not changed from their position reflected in the October 10 letter.
5  The position reflected in Defendants' October 10 letter does not support a claim for breach of the
6  insurance policies or for reimbursement.  The October 10 letter does not evidence any breach by
7  Defendants because there has not yet been any failure to cooperate by Defendants.  The October
8  10 letter merely shows that Defendants requested Plaintiffs to allow Defendants' counsel-of-
9  choice to defend the <u>Messer</u> action and proposed the possibility that counsel fees could be shared
10 among Plaintiffs, Defendants and Defendants' other insurers.  This request does not appear to
11 rise to the level of a breach.  Nothing in the insurance policies appears to prohibit Defendants
12 from offering this type of proposal, and the mere fact that Defendants requested that alternative
13 counsel be selected to defend the <u>Messer</u> action does not mean that Defendants refused to accept
14 Mr. Lee as counsel for the <u>Messer</u> action.  To the contrary, Defendants' October 10 letter makes
15 it abundantly clear that, should Plaintiffs refuse Defendants' alternative proposal, Defendants
16 would not otherwise object to Mr. Lee's appointment.

17      The Court also finds that Defendants' reservation of their right to disqualify Mr. Lee does
18 not constitute a breach of the insurance agreement.  Under California law, "[i]n certain
19 circumstances ... a conflict of interest between insurer and insured will trigger the insured's right
20 to retain independent counsel at the insurer's expense."  <u>Gafcon, Inc. v. Ponsor & Associates</u>, 98
21 Cal. App. 4th 1388, 1407 (2002) (citing Cal. Civ. Code § 2860(b).).  The October 10 letter
22 merely stated that Defendants were reserving their right to invoke their rights under California
23 Civil Code § 2860.  Nothing in the insurance policies appears to prohibit Defendants from
24 writing a letter to their insurer regarding the possible applicability of Section 2860.  The facts
25 before the Court suggest that there is a dispute between Plaintiffs and Defendants regarding the
26 applicability of Section 2860.  Clearly, Plaintiffs and Defendants are currently negotiating how
27 to resolve that dispute.  However, to date, based upon the information presented to the Court,
28 Defendants have not yet engaged in any actions which deprived Plaintiffs of control over the

defense of the <u>Messer</u> action or otherwise breached the insurance policies.

For similar reasons, it not appear that there is any reasonable possibility that the deficiencies in the reimbursement claim can be cured with leave to amend. Since Plaintiffs' reimbursement theory is premised on an underlying breach of contract by Defendants and no breach has been demonstrated, the reimbursement claim necessarily fails as well.

At the hearing, Plaintiffs argued that leave to amend should be granted because Plaintiffs anticipate that Defendants will take more concrete actions to "refuse" the counsel selected by Plaintiffs to defend the <u>Messer</u> action or otherwise refuse to cooperate in breach of the cooperation clause. However, Plaintiffs belief that these actions may occur in the future is speculative at this time and based upon uncertain contingencies. Accordingly, claims based upon Defendants' future conduct would not be ripe at this time.

Accordingly, the Court will recommend that leave to amend be denied.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiffs' First Amended Complaint fails to state any cognizable claims for breach of the cooperation clause of the insurance agreement or for insurer reimbursement. Since Defendants did not seek dismissal of Plaintiffs' first cause of action for declaratory relief, the Court finds that this action should proceed solely on the declaratory relief cause of action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be PARTIALLY GRANTED;
2. Plaintiffs' second and third causes of action in their First Amended Complaint be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim; and
3. This action proceed on Plaintiffs' first cause of action for declaratory relief.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2014**

UNITED STATES MAGISTRATE JUDGE