# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al., | Case No. 1:14-cv-01388-MCE-SAB |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | ECF NO. 8, 34 |
| CENTEX HOMES, et al., | |
| Defendants. | |

      On November 13, 2014, the magistrate judge assigned to this action issued a Findings and Recommendations recommending that Defendant's motion to dismiss be partially granted. (ECF No. 34.) The Findings and Recommendations contained notice that any objections were to be filed within fourteen (14) days. Plaintiffs St. Paul Mercury Insurance Company and Travelers Property Casualty Company of America filed objections on November 26, 2014. (ECF No. 38.)

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

      Plaintiffs argue that dismissal is improper because Plaintiffs only need to allege minimal facts that encompass some hypothetical set of facts that might be proven to warrant relief. Notably, Plaintiffs do not cite or discuss Ashcroft v. Iqbal, 556 U.S. 662 (2009), in their

1

1 objections, the most recent Supreme Court case discussing federal pleading requirements.  Under
2 Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
3 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading
4 that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action
5 will not do.'"  Id. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a
6 defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement
7 to relief."'  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

8 　　Plaintiffs' First Amended Complaint is completely devoid of allegations regarding
9 specific actions taken by Defendants.  Indeed, as it turns out, it would have been impossible for
10 Plaintiffs to allege any facts regarding Defendants actions because the complaint was drafted and
11 filed before Defendants took any action regarding Plaintiffs' reservation of rights letter.
12 Accordingly, the Court finds that the magistrate judge properly concluded that the First
13 Amended Complaint stopped short of the line between possibility and plausibility of entitlement
14 to relief.  The complaint merely consists of labels and conclusions which are consistent with
15 Defendants' liability and pleads no facts which state a claim to relief which is plausible on its
16 face.  Plaintiffs argue that the complaint is sufficient to provide Defendants with notice of the
17 claims, but this is not true as the complaint fails to provide notice as to what exactly Defendants
18 did that gives rise to Plaintiffs' claims.

19 　　Plaintiffs also argue that the magistrate judge erred by failing to grant Plaintiffs leave to
20 amend.  As an initial matter, the Court rejects Plaintiffs' argument that the magistrate judge
21 should not consider extrinsic matters in considering whether to grant leave to amend.  Whether to
22 grant leave to amend necessarily requires consideration of matters extrinsic to the complaint.  If a
23 complaint is deficient and fails to state a claim, it can only be cured by the allegation of new or
24 different facts outside the four corners of the defective complaint.  Accordingly, the Court must
25 consider whether there are any new or different facts extrinsic to the complaint that can save the
26 defective complaint.

27 　　Notably, Plaintiffs' objections made no attempt to inform the Court of any new or
28 different allegations that could be added to an amended complaint that would cure the

deficiencies in their claims. At the hearing before the magistrate judge, Plaintiffs admitted that Defendants' position has not changed from the position reflected in a letter sent from Defendants to Plaintiffs on October 10, 2014. Accordingly, the magistrate judge properly evaluated whether Defendants' position, based upon what was reflected in the October 10 letter, could support a cognizable claim stated in an amended complaint. The Court finds that the magistrate judge properly concluded that Defendants' position did not constitute a breach of contract or support a claim for reimbursement. In the October 10 letter, Defendants stated that they would not oppose Plaintiffs' choice of counsel, but they reserved their right under California Civil Code § 2860(b) to demand independent counsel if a conflict of interest arose. In light of Plaintiffs failure to identify any new or different facts that would be alleged in an amended complaint, the magistrate judge properly concluded that any further amendment would be futile.

Accordingly, it is HEREBY ORDERED that:

1. The November 13, 2014 Findings and Recommendations are ADOPTED IN FULL (ECF No. 34);

2. Defendant's motion to dismiss is PARTIALLY GRANTED (ECF No. 8); and

3. Plaintiff's second and third causes of action in their First Amended Complaint are DISMISSED without leave to amend for failure to state a claim; and

4. This action proceeds on Plaintiffs' first cause of action for declaratory relief.

Dated: April 1, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT