# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al., | Case No. 1:14-cv-01388-MCE-SAB |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| v. | (ECF No. 48) |
| CENTEX HOMES, et al., | |
| Defendants. | |

On November 6, 2015, Defendants Centex Homes and Centex Real Estate Corporation (collectively "Centex") filed a motion to compel production of documents from Plaintiffs Travelers Property Casualty Company of America and St. Paul Mercury Insurance Company (collectively "Travelers"). (ECF No. 48.) On November 19, 2015, Centex filed an amended notice of hearing on the motion to compel production of documents. (ECF No. 51.) On December 9, 2015, Centex and Travelers filed a joint statement of discovery disagreement. (ECF No. 54.) Centex's motion to compel presents two issues for the Court to resolve. Specifically, Centex's motion seeks to compel: (1) The production of named insured claim files, claim notes, and related documents for Barbosa Cabinets, Inc.'s ("Barbosa") tender of the Messer action and (2) The named insured claim files, claim notes, and related documents for M.A.T. & Son's Landscaping, Inc.'s ("M.A.T.") tender for the Messer action.

The hearing on the motion to compel took place on December 16, 2015. Thomas Perea

1

appeared telephonically on behalf of Travelers. Timothy Heggem and Jared De Jong appeared telephonically on behalf of Centex. For the reasons set forth below, the Court grants Centex's motion to compel.

## I.

## BACKGROUND

Travelers filed the original complaint in this action on September 5, 2014. (ECF No. 1.) The operative complaint is the First Amended Complaint filed on September 9, 2014. (ECF No. 7.) The First Amended Complaint raised three causes of action 1) for declaratory relief, 2) for breach of contract, and 3) for equitable reimbursement. On April 1, 2015, the Court dismissed without leave to amend Travelers' second and third causes of action in the First Amended Complaint. Therefore, the action is proceeding on Travelers' first cause of action for declaratory relief.

Travelers allege that they issued several commercial general liability policies, naming Barbosa and M.A.T. as the insureds. Under the terms of the policies, Travelers were given the right to retain counsel of their own choosing to represent insureds and the insured were to cooperate with Travelers with regard to all aspects of coverage, including defense afforded under the policies.

On June 11, 2014, various homeowners of single family homes in Modesto, California filed a lawsuit against Centex entitled Messer, et al. v. Centex Homes, et al. in the Superior Court of California for the County of Stanislaus, Case No. 2008849. In Messer, the homeowners allege that their homes suffered from property damage stemming from the work of Centex's subcontractors, Barbosa and M.A.T. (collectively "named insureds"). Centex tendered the Messer lawsuit to Travelers as additional insureds under the insurance policies. Travelers advised Centex that it retained David Lee from the law firm of Lee, Hernandez, Landrum, Garofalo & Blake to represent Centex. Travelers allege that Centex refused to accept the counsel appointed by Travelers and demanded that "independent counsel" defend Centex.

Centex's motion seeks to compel the production of documents related to Centex's Request for Production, Nos. 13-14 and Nos. 18-23, including but not limited to the named-

insured claim file and notes for Barbosa and M.A.T.[1]

## II.

## REQUESTS FOR JUDICIAL NOTICE

Both Travelers and Centex request that the Court take judicial notice of a number of orders that have been issued in other cases between Travelers and Centex or cases between similar parties. (ECF Nos. 55, 58). Neither request is opposed.

Centex request that the Court take judicial notice of: (1) Order re: Joint Ex Parte Application re: Outstanding Discovery Disputes, dated April 21, 2015, in the case of Travelers Indemnity Company of Connecticut, et al. v. Centex Homes, et al., C.D. Cal. Case No. EDCV 14-965 FMO (PJWx); (2) Orders re: Centex Motions to Compel in St. Paul Fire and Marine Insurance Company, et al. v. Centex Homes, et al., C.D. Cal. Case No. EDCV 14-1216 AB (JCx); (3) Order Granting Motion to Compel in Travelers Indemnity Company of Connecticut v. Centex Homes, et al., C.D. Cal. Case No. EDCV 14-2590 JAK (JCGx); (4) Transcript of Motion to Compel hearing in Travelers Indemnity Company of Connecticut v. Centex Homes, et al., C.D. Cal. Case No. EDCV 14-2590 JAK (JCGx); (5) Order re: Travelers' Motion for Partial Summary Judgment in Fidelity and Guarantee Insurance Company et al. v. KB Home Coastal, Inc., et al., C.D. Cal. Case No. LACV 13-00946 JAK (DTBx); (6) Order Granting Motions to Compel in Fidelity and Guaranty Insurance Company et al. v. Centex Homes et al., E.D. Cal. Case No. 1:14-cv-00826-LJO-GSA; (7) Order on Centex's Motions to Compel in St. Paul Fire and Marine Insurance Company v. Centex Homes, et al., E.D. Cal. Case No. 2:14-cv-02640-WBS-CKD; and (8) Order granting Centex's Motions to Compel in St. Paul Fire and Marine Insurance Company v. Centex Homes, et al., E.D. Cal. Case No. 2:14-cv-02640-WBS-CKD. (ECF No. 55).

---

[1] The Court notes that although Centex moves to compel production of documents in response to Centex's Request for Production Nos 13 and 14 and Nos 18 through 23, it appears that Request for Production Nos 18 through 23 are more specific requests of Requests Nos 13 and 14. The parties specifically referenced in their joint statement and at the hearing the named insured claim files, claim notes, and related documents for Barbosa and M.A.T.'s tenders of the Messer action. Therefore, it appears that the documents that Centex seek in Request for Production Nos 13 and 14 are the same documents that are in Requests Nos 18 through 23.

3

1       Travelers request judicial notice of: (1) Order Granting in Part and Denying in Party
2 Plaintiff's Motion for Summary Judgment in <u>Travelers Property Casualty Company of America</u>
3 <u>v. Centex Homes</u>, N.D. Cal. Case No. C 10-02757 CRB; (2) Order Granting in Part and Denying
4 in Part Cross-Motions for Partial Summary Judgment in <u>Travelers Property Casualty Company</u>
5 <u>of America, et al. v. Centex Homes</u>, N.D. Cal. Case No. 11-3638-SC; (3) Minute Order: Ruling
6 on Demurrer in <u>Centex Homes v. Accelerated Waterproofing, Inc.</u>, Riverside County Superior
7 Court Case No. RIC 1306704; (4) Order on Submitted Matters in <u>Nello Mazzoni, et al. v. Centex</u>
8 <u>Homes</u>, Placer County Superior Court Case No. SCV 031148; (5) Order-Motion for Summary
9 Adjudication Granted in <u>Afsari v. Centex Homes</u>, Alameda County Superior Court Case No.
10 RG11593529; (6) Order Denying Centex's Motion for Summary Adjudication in <u>Deusenberry v.</u>
11 <u>Centex</u>, Riverside County Superior Court Case No. RIC 1105565; (7) Minute Order in
12 <u>Humphreys v. Centex</u>, San Bernardino County Superior Court Case No. CIVDS 1302259; (8)
13 Law and Motion Minute Order in <u>Centex Homes v. Windows by Advanced</u>, Fresno County
14 Superior Court Case No. 13CECG02959; (9) Order Denying Special Motion to Strike First
15 Amended Complaint in <u>Travelers Property Casualty Company of America v. KB Home Coastal,</u>
16 <u>Inc., et al.</u>, in C.D. Cal. Case No. CV 12-7198 DSF (JCx); (10) Order re Travelers' Motion for
17 Partial Summary Judgment in <u>Fidelity and Guaranty Insurance Company v. KB Home Coastal,</u>
18 <u>Inc., et al.</u>, C.D. Cal. Case No. CV13-00946 JAK (DTBx); (11) "Statement of Decision" filed on
19 April 24, 2015 in <u>Centex Homes v. Alan Crane, dba A.L. Drywall</u> (and consolidated matters),
20 Tulare County Superior Court, Case No. VCU252502; (12) Law and Motion Minute Order in
21 <u>Javier Castro v. Centex Homes</u>, Fresno County Superior Court, Case No. 11CECG03485 JH;
22 (13) Notice of Ruling filed on July 17, 2014 in <u>O'Neil v. Centex Homes</u>, San Bernardino
23 Superior Court Case No. CIVDS 1109835; (14) "Order Granting Plaintiff's Motion for Partial
24 Summary Judgment; Denying Defendants' Motion for Partial Summary Judgment" in <u>Travelers</u>
25 <u>Property Casualty Company of America v. Kaufman & Broad Monterey Bay, Inc.</u>, N.D. Cal.
26 Case No. 5:13-cv-04745-EJD; (15) Court's Ruling Following Court Trial filed April 1, 2015 in
27 <u>Centex v. Ad Land Venture</u>, Sacramento Superior Court Case No. 34-2011-00112151; and (16)
28 Cross-Complaint of Centex Real Estate Corporation, A Nevada Corporation, and Centex Homes,

A Nevada General Partnership filed November 24, 2014 in <u>Messer, et al, v. Centex Real Estate Corporation, et al.</u>, Stanislaus County Superior Court Case No. 2008849.

While the court may take judicial notice of the fact of filing or existence and the general meaning of words, phrases, and legal expressions, documents are judicially noticeable only for the purpose of determining what statements have been made, not to prove the truth of the contents. <u>Cactus Corner LLC v. U.S. Dept. of Agric.</u>, 346 F.Supp.2d 1075, 1100 (E.D. Cal. 2004), (citing <u>Hennessy v. Penril Datacomm Networks, Inc.</u>, 69 F.3d 1344, 1354–55 (7th Cir. 1995)). "Judicial notice is taken of the existence and authenticity of the public and quasi public documents listed. To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice." <u>Del Puerto Water Dist. v. U.S. Bureau of Reclamation</u>, 271 F.Supp.2d 1224, 1234 (E.D.Cal. 2003); <u>see also</u> <u>California ex rel. RoNo, LLC v. Altus Finance S.A.</u>, 344 F.3d 920, 931 (9th Cir. 2003) ("requests for judicial notice are GRANTED to the extent that they are compatible with Fed. Rule Evid. 201 and do not require the acceptance of facts 'subject to reasonable dispute'").

The Court grants the requests for judicial notice to the extent they demonstrate that the respective orders have been issued in other cases. The documents are not, however, properly judicially noticeable for the facts or legal conclusions stated therein. <u>Missud v. Nevada</u>, 861 F.Supp.2d 1044, 1054 (N.D. Cal. 2012) ("While many of these documents (i.e., filing and order in other court proceedings) are judicially noticeable for certain purposes, such as to demonstrate the existence of other court proceedings, they are not judicially noticeable for Mr. Missud's purpose, which is to demonstrate that his arguments and allegations against Defendants are true").

### III.

### LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(B). The party receiving the request has thirty days in which to respond. Fed. R. Civ. P. 34(b)(2). A party may move for an order compelling production where the opposing party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3(B)(iv).

## IV.

## DISCUSSION

In this Motion, Centex request that the Court determine whether Travelers must produce documents regarding Travelers' handling of Barbosa Cabinets and M.A.T.'s claims in the Messer Action. Travelers asserts that Centex is merely on an "unwarranted fishing expedition" for evidence that is irrelevant to the issues in this action and that, in any case, disclosure of the Barbosa Cabinets and M.A.T.'s files would reveal information about their defense strategy in the Messer Action that is protected by the attorney-client privilege and attorney work product doctrine. Although Travelers objected on a number of bases in their initial response to Centex's request for production, they relied only on their relevancy, attorney-client privilege, and work product doctrine objections in the joint statement and at the hearing, so the Court only discusses these objections.

Centex argue that the files are potentially relevant because the documents produced thus far in other factually similar cases indicate that the insurance adjusters assigned to Centex in other cases were having conversations with not just the named insured adjusters, but also with the subcontractor's attorneys in those cases. In this case, Centex believes that the insurance

1 adjusters assigned to them, Antony Vandemoore and Vicki Imamura, had discussed the Messer
2 Action with the insurance adjusters assigned to Barbosa and M.A.T. Centex asserts that it is
3 entitled to inquire about these communications because the communications will demonstrate
4 that a conflict of interest existed between Centex and Barbosa and M.A.T., thus requiring the
5 appointment of independent counsel. With respect to the attorney-client privilege and the work
6 product doctrine objections, Centex suggest that Travelers have not carried their burden because
7 Travelers have failed to provide a sufficient privilege log.

**A. Travelers' Relevancy Objection Fails**

Travelers contend that the insured claim files, claim notes, and related documents for Barbosa and M.A.T. are irrelevant to this action. Under the federal rules, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery is designed to help define and clarify the issues. Id. Although relevancy is broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

In the instant action, Travelers seek declaratory relief on claims that Travelers have the right to control the defense of Centex in the Messer Action and that Centex are not entitled to the appointment of independent counsel under California Civil Code § 2860.

Under California law, an insurer's duty to defend an insured in an underlying action "is determined by reference to the policy, the complaint, and all facts known to the insurer from any source." Montrose Chem. Corp. v. Super. Ct., 6 Cal. 4th 287, 300 (Cal. 1993). Section 2860 of the California Civil Code provides, in relevant part:

> (a) If the provisions of a policy of insurance impose a duty
> to defend upon an insurer and a conflict of interest arises which
> creates a duty on the part of the insurer to provide independent

7

> counsel to the insured, the insurer shall provide independent counsel to represent the insured unless, at the time the insured is informed that a possible conflict may arise or does exist, the insured expressly waives, in writing, the right to independent counsel. An insurance contract may contain a provision which sets forth the method of selecting that counsel consistent with this section.
>
> (b) For purposes of this section, a conflict of interest does not exist as to allegations or facts in the litigation for which the insurer denies coverage; however, when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist. No conflict of interest shall be deemed to exist as to allegations of punitive damages or be deemed to exist solely because an insured is sued for an amount in excess of the insurance policy limits.

Cal. Civil Code § 2860.

Centex seek documents which could bear on, or could lead to evidence that bears on, Centex's need for independent counsel in the Messer Action, which is an issue in the instant case.[2] In this motion, Centex allege that there was a conflict of interest between Centex and Barbosa Cabinets and M.A.T. and that Travelers were aware of that conflict. Centex claim that the information contained in the file is potentially relevant because the documents produced thus far in other cases indicate that the insurance adjusters assigned to the additional insured party were having conversations with not just the named insured adjuster, but also with the subcontractor's attorney. (De Jong Decl., Ex. G). As noted previously, Centex believes that the insurance adjusters assigned to them, Antony Vandemoore and Vicki Imamura, have discussed the Messer Action with the insurance adjusters assigned to Barbosa Cabinets and M.A.T., and that those conversations included discussions of how the additional insurance adjusters should direct David Lee to defend Centex in a way that would push the liability from the named insureds to Centex.

---

[2] In their joint statement, Travelers claim that they already produced all non-privileged communications between Antony Vandermoore and Vicki Imamura—the adjusters for Centex—and other entities related to Centex and the Messer Action. Travelers state that they only produced "all non-privileged communications," so it appears that there are other communications in the files and there may be additional notes and information in the named insured's claim files and claim notes. Travelers' arguments with respect to "possession" are unavailing because Travelers have demonstrated that they have control over Travelers' adjusters' claims files and notes for Barbosa and M.A.T.'s tenders of the Messer Action. Accordingly, Travelers were obligated to produce all of these documents that were in Travelers' possession to the extent that they were responsive to Centex's Request for Production.

1 Centex contend that David Lee is, and will be, forced to make decisions in defending the Messer Action that affect coverage issues. Therefore, information pertaining to Travelers' coverage of Barbosa Cabinets and MAT is relevant to determine the scope and nature of that conflict. Therefore, given the broad definition of relevancy under the Federal Rules, Centex's request is relevant to the issues and defenses presented in this action. The Court finds that the the named insured claim files, claim notes and related documents for Barbosa and M.A.T.'s tenders of the Messer Action is reasonably calculated to lead to the discovery of admissible evidence in this action. Thus, Travelers' relevancy objection fails.

**B. Travelers' Attorney-Client Privilege and Work Product Doctrine Objections Fail**

Travelers argue that the discovery at issue in this motion is protected by attorney-client privilege and work product doctrine. Centex respond that this argument has been rejected by other courts and the belated "amended privilege log" from Travelers does not justify the attorney-client privilege and work product doctrine objections on an item-by-item basis. Travelers respond that the cases in other courts involving similar litigation with Travelers and Centex are factually distinguishable from this situation because the privilege log in this case is sufficient. The Court first discusses the sufficiency of the privilege log.

Here, the parties agree that California law governs claims of privilege. In California, "[t]he party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship." Costco Wholesale Corp. v. Superior Court, 47 Cal.4th 725, 733 (2009). On the subject of privilege logs, Federal Rule of Civil Procedure 26(b)(5) states, in pertinent part:

> **(5) Claiming Privilege or Protecting Trial-Preparation Materials.**
> **(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

1          In Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408

2   F.3d 1142, 1149 (9th Cir. 2005), the Ninth Circuit addressed the circumstances in which the

3   failure to timely produce a privilege log would constitute a waiver of the privilege:

> We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. However, we also reject a per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit. Instead, using the 30-day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process.

16         In order to assist a court in determining a claim of privilege, a detailed privilege log may

17  be required in conjunction with evidentiary submissions to fill any factual gaps. United States v.

18  Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), cert. denied, 519 U.S.

19  927 (1996); see also, Allen v. Woodford, 2007 WL 309485, *4 (E.D. Cal. 2007), recon. denied,

20  2007 WL 841696. With respect to each document as to which a privilege is claimed, the person

21  claiming the privilege should include in the privilege log the document's general nature and

22  description, including its date, the identity and position of the author, and the identity and

23  position of all addressees and recipients; the present location of the document; and the specific

24  reasons it was withheld, including the privilege invoked and the grounds therefor. Allen, 2007

25  WL 309485, *4 (citations omitted).

26         In this case, Travelers did not initially include the disputed documents in their privilege

27  log that they attached to their objections to Centex's Requests for Production. On October 5,

28  2015, Travelers served their objections to Centex's Requests for Production. (DeJong Decl., Ex.

1  B, ECF No. 56.)  Travelers mailed Centex a CD containing the documents referenced in
2  Travelers' responses to Centex's first set of document requests and a corresponding privilege
3  log.  However, that initial privilege log did not contain any entries related to the objections in
4  this motion.  The amended privilege log was emailed to Centex's counsel in this action on
5  December 7, 2015, and it contains two entries that are relevant to this motion.
6  Therefore, Travelers produced a privilege log for the documents at issue in this motion
7  approximately two months after it served its initial objections to the requests and its initial
8  privilege log.  The relevant entries on the privilege log are the following entries:

| BATES NO. | DATE | AUTHOR(S) | RECIPIENT(S) | DESCRIPTION | PRIVILEGE CLAIMED |
|---|---|---|---|---|---|
| TRV0005375-5580 | Multiple | Multiple | Documents related to the defense and indemnity of Barbosa Cabinets against the claims asserted against it in the underlying Messer v. Centex action | ACQ8602NI claim notes and documents. | Irrelevant and not likely to lead to the discovery of admissible evidence; Attorney-Client Communication; Attorney Work Product; Proprietary and Confidential Information; Trade Secrets. |
| TRV005581-5761 | Multiple | Multiple | Documents related to the defense and indemnity of M.A.T. & Sons Landscaping against the claims asserted against it in the underlying Messer v. Centex action | ACQ8605NI claim notes and documents. | Irrelevant and not likely to lead to the discovery of admissible evidence; Attorney-Client Communication; Attorney Work Product; Proprietary and Confidential Information; Trade Secrets. |

(Perea Decl. ¶ 7; TRV Ex. 6.)

1 	The Court notes that Travelers have failed to provide a detailed privilege log for the 2 documents that the seek privilege for.  The privilege log entries do not explain how many 3 documents or pages are covered by the entry or the dates of covered documents or any details. 4 Travelers cite <u>Khasin v. Hershey Co.</u>, 2014 U.S. Dist. LEXIS 23886 (N.D. Cal. 2014) for the 5 proposition that the Ninth Circuit prefers a "holistic reasonableness analysis, intended to forestall 6 needless waste of time and resources, as well as tactical manipulation of the rules and the 7 discovery process," and that therefore, Travelers did not have to provide a detailed privilege log 8 when considering the facts of this case.  Travelers claim that it did not have to produce a 9 document-by-document privilege log for the named insured file, because a document-by-10 document privilege log would show which documents were important enough to send to the 11 named insured claims adjuster.  However, a document-by-document privilege log of the 12 documents and notes in the named insured's files would not necessarily reveal the information 13 that Travelers seek to protect by asserting privilege.  Travelers could have stated a description for 14 each document or note that it seeks to claim a privilege for without revealing any specific content 15 of the note or document that would have been privileged.  It may be the case that these 16 attachments *could* have been protected by an applicable privilege, but Travelers failed to give 17 Centex any information that would enable Centex to evaluate the assertion of privilege.

18 	Moreover, Centex and Travelers have had the same dispute over documents in five cases 19 prior to this one where Centex's motions to compel were granted and Travelers were required to 20 produce the requested documents, at least in part, although the Court does note that in some of 21 those cases Travelers had completely failed to produce a privilege log.  (Centex's Request for 22 Judicial Notice, Exhs. A, B, C, D, F, G, H, ECF No. 55-1.)  Therefore, the Court finds that upon 23 a holistic analysis of the privilege log and the facts and circumstances of this case, the two 24 entries in the amended privilege log do not have a sufficient description of the nature of the 25 documents, communications, or things not disclosed that enable Centex to assess the 26 applicability of the privilege or protection.  Therefore, the Court finds that by failing to produce a 27 reasonable privilege log, Travelers have waived the privileges as to the documents in Requests 28 for Production Nos 13-14 and 18-23.  Failure to provide sufficient information may constitute a

waiver of the privilege. See Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 182-83 (E.D.Cal.1991) (a "blanket objection" to each document on the ground of attorney-client privilege with no further description is clearly insufficient); Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir.1984) (per curiam ), cert. dismissed, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985) (attorney-client privilege waived when defendant did not make a timely and sufficient showing that the documents were protected by privilege).

For the reasons discussed herein, the Court finds that documents sought by Centex are not entitled to attorney-client privilege or work product protection. Travelers shall be required to provide supplemental responses to the disputed requests and shall produce copies of the named insured claim notes, claim files, and related documents within twenty-one days of the entry of this Order.[3]

**C. In Camera Review of Named Insured's Files**

Finally, Travelers seek an in camera review of the named insured files to reveal exactly the nature of the privileged documents, so that the Court can make an informed decision on the instant motion to compel. The Court is able to make a decision on the instant motion without an in camera review of the documents, and therefore, the Court denies Travelers request for an in camera review.

**D. Protective Order**

Travelers also request a protective order for any production of documents as a result of this motion to compel. On September 14, 2015, the Court granted a stipulated protective order re confidential materials. (ECF No. 47.) In that protective order, the parties stipulated that the "Confidential Information" shall include invoices, attorney billing records, and expert billing records. (ECF No. 47 at 2.) The protective order also stated that "This Protective Order shall not preclude or limit the Parties' rights to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in

---

[3] Travelers argue that sanctions should not be imposed against them. However, the Court notes that Centex does not include sanctions as an issue in dispute in their section of the joint statement. Furthermore, Centex did not mention sanctions in its notice of motion or amended notice of motion. Therefore, it appears that Centex is not actually seeking sanctions for the motion to compel. Thus, Centex has not presented the issue of sanctions to the Court for resolution and the Court does not further address sanctions.

response to discovery, including documents and their contents." (ECF No. 47 at 6.)

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)); see also Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public.). This right of public access is not absolute however. In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012).

Unless a document is one that has traditionally been kept secret, there is a "strong presumption in favor of access." Kamakana, 447 F.3d at 1178. The Ninth Circuit has found that this presumption is rebutted where the documents are attached to a nondispositive motion, and a particularized showing under the good cause standard for each document will suffice to warrant the sealing of discovery material attached to nondispositive motions. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003); Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2009). Good cause exists where the party seeking protection shows that specific prejudice or harm will result if no protective order is granted. Phillips, 307 F.3d at 1210-11. Broad allegations of harm that are unsubstantiated by specific examples or articulated reasoning do not satisfy the good cause standard. Foltz, 331 F.3d at 1130.

Here, Travelers request for a protective order was contained in one sentence in the joint statement. Travelers did not file a separate motion for a protective order. While it would appear to be reasonable for the parties to enter into a protective order, Travelers did not detail the reasons why a protective order is necessary in the section where they request a protective order or what the protective order should say. The Court denies Travelers' request for a protective order without prejudice to Travelers filing a motion for a protective order or a stipulated protective order from the parties.

\ \ \

\ \ \

## V.

## ORDER

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to compel production of documents in response to Defendants' Request for Production, Nos. 13-14 and Nos. 13-23 is GRANTED;

2. Plaintiffs are DIRECTED to produce documents requested by Request for Production Nos 13-14 and 18-23 in Defendants' Requests for Production within **twenty-one (21)** days of the entry of this Order;

3. Plaintiffs' request for an in camera review of the documents at issue in this motion is DENIED; and

4. Plaintiffs' request for a protective order for the documents at issue in this motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **December 18, 2015**

_____
UNITED STATES MAGISTRATE JUDGE